1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| L.T. PATTERSON | ) Case No. CV 04-06937 SH |
|       Plaintiff, | ) |
| | ) MEMORANDUM DECISION |
| | ) |
|   v. | ) |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
|       Defendant. | ) |
| _____ | ) |

The matter is before the Court for review of the Decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and the matter remanded for further development.

1    On November 6, 2002, Plaintiff filed an application for a Period of Disability,

2 Disability Insurance Benefits, and Supplemental Security Income Benefits under Title

3 II and Title XVI of the Social Security Act, 42 U.S.C. § 400 et seq.  After various

4 administrative procedures, the Administrative Law Judge (ALJ) issued an unfavorable

5 decision on November 19, 2003.  The ALJ found that Plaintiff retained the residual

6 functional capacity to perform medium work, with mental limitations [AR 26], and

7 Plaintiff makes a challenge to that determination.

8    Plaintiff asserts that the ALJ's assessment on residual functional capacity was

9 not supported by the record and in particular, that the ALJ failed to properly apply the

10 treating physician, the consultative examiner, and the state agency physician's

11 findings regarding Plaintiff's visual limitation. [AR 205, 228, 250] Plaintiff stresses

12 that "[a] treating physician's medical opinion as to the nature and severity of an

13 individual's impairment must be given controlling weight if that opinion is well

14 supported and not inconsistent with the other substantial evidence in the case record."

15 *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001); see also 20 C.F.R. §

16 404.1527(d)(2).  The record provides that each medical examiner determined the

17 Plaintiff to have some visual impairments.  L. Chaing-Chien, M.D., the State agency

18 reviewing physician, specifically stated that Plaintiff had limited far acuity and should

19 "[a]void jobs requiring good vision." [AR 228]

20    The ALJ found the plaintiff's subjective statements about what he could and

21 could not see not credible.  However, the ALJ fails to give clear and convincing

22 reasons for rejecting Plaintiff's visual limitation.  In the Decision, the ALJ states that

23 Plaintiff did not wear glasses, according to the orthopedic consultative examiner,

24 exaggerated his symptoms generally, and had not complained about a vision

25 impairment at various free clinics. [AR 22-23] Although the ALJ further explains that

26 the orthopedic consultative examiner did find Plaintiff's visual acuity at 20/50 on the

27

28                                                    2

1 │ right and 20/200 on the left, the ALJ gave little weight to these findings by the

2 │ orthopedist reasoning that visual acuity is outside of his specialty. [AR 24]  Plaintiff

3 │ argues that if the ALJ believed that a specialist was required, the ALJ should have sent

4 │ Plaintiff out to a consultative ophthalmologic examination.  The Court agrees.

5 │   Essential in determining Plaintiff's residual functional capacity is the testimony

6 │ of the vocational expert.  Hypothetical questions posed to the vocation expert must set

7 │ out *all* the limitations and restrictions of claimant.  *Embry v. Bowen*, 849 F.2d 418,

8 │ 422 (9th Cir. 1988) (emphasis in original).  Of the six hypotheticals posed by the ALJ

9 │ to the vocational expert, the ALJ asked the vocational expert whether the visual

10 │ limitations discussed during the hearing would allow the claimant to perform any of

11 │ his past work.  The vocational expert stated no. [AR 62]  However, in the ALJ's

12 │ Decision, the ALJ stated that Plaintiff could, despite the medical evidence and the

13 │ vocational expert's testimony, perform his prior work. [AR 26] The ALJ gives no

14 │ clear reasoning as to how the totality of Plaintiff's visual limitation regarding the

15 │ findings of the medical examiners was assessed.   It is clear that the degree of visual

16 │ limitation is a pertinent element in determining Plaintiff's residual functional capacity

17 │ and further tests are ordered to determine any such limitation.

18 │   For the foregoing reasons, the decision of the Commissioner is reversed, and

19 │ the matter is remanded for further proceedings in accordance with this decision,

20 │ pursuant to Sentence 4 of 42 U.S.C. § 405(g).

21 │

  **DATED:** <u>December 1, 2005</u>

22 │

23 │

24 │        _____/S/_____

25 │        STEPHEN J. HILLMAN
       UNITED STATES MAGISTRATE JUDGE

26 │

27 │

28 │        3